UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJIT SINGH, AMAR JIT KAUR,<br><br>                              Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | Case No.: 20-cv-1640-DMS-BLM<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Pending before the Court is the United States' motion to dismiss. Plaintiffs filed a response, Defendant filed a reply, and Plaintiffs also filed a supplemental declaration. For the following reasons, the Court grants the motion to dismiss.

**I.**

**BACKGROUND**

Plaintiffs Ajit Singh and Amar Jit Kaur seek judicial review of the United States Department of Agriculture Food and Nutrition Service's ("FNS") agency determination disqualifying Plaintiffs from the Supplemental Nutrition Assistance Program ("SNAP") for accepting SNAP benefits for ineligible nonfood items. The SNAP provides assistance to low-income households in the United States by allowing individuals to use food stamps to purchase food items from participating stores, but prohibits the redemption of coupons

for ineligible items.  (*See* Def.'s Mot. to Dismiss, ECF No. 3, at 2–3); 7 U.S.C. §§ 2011, 2013(a); 7 C.F.R. § 278.2(f).

Plaintiffs are husband and wife who operate a retail store in Imperial County, California.  (Compl. ¶¶ 2, 7, 9.)  On August 15, 2019, after conducting an investigation of Plaintiffs' business, FNS charged Plaintiffs with trafficking in SNAP benefits.  (Ex. A to Def.'s Mot. to Dismiss, ECF No. 5-1, at 3.)  On February 13, 2020, FNS determined Plaintiffs had trafficked in SNAP benefits as charged and permanently disqualified Plaintiffs from SNAP.  (*Id.* at 4.)  Plaintiffs appealed, and on June 1, 2020, FNS issued a Final Agency Decision ("FAD") upholding the permanent disqualification determination.  (*Id.* at 1.)

On August 24, 2020, Plaintiffs filed a Complaint in this Court, seeking judicial review of the FAD pursuant to 7 U.S.C. § 2023.  (Compl., ECF No. 1.)

## II.

## DISCUSSION

Defendants move to dismiss for failure to state a claim, arguing Plaintiffs' claim should be dismissed as untimely because they did not file within the prescribed statutory period.  A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  "A statute-of-limitations defense, if apparent from the face of the complaint, may properly be raised in a motion to dismiss." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (internal quotation marks omitted).

Pursuant to 7 U.S.C. § 2023(a)(13), a retail food store "aggrieved" by a final FNS determination may seek judicial review of the determination by filing a complaint against the United States in federal court.  The complaint must be filed "within thirty days after the date of delivery or service of the final notice of determination." *Id.*

Here, Plaintiffs did not timely seek judicial review of the FAD.  The FNS issued the FAD on June 1, 2020, and Plaintiffs received it on June 2, 2020.  (Ex. A to Def.'s Mot. to

Dismiss at 1; Ex. B to Def.'s Mot. to Dismiss.)  Pursuant to § 2023(a), Plaintiffs had until July 2, 2020—thirty (30) days from receipt—to challenge the FAD.  Plaintiffs filed their Complaint on August 24, 2020, fifty-three (53) days after receiving the FAD. (ECF No. 1.)  Plaintiffs' challenge is therefore untimely.

Plaintiffs' failure to comply with § 2023(a)(13)'s deadline does not automatically bar their action.  In *United States v. Kwai Fun Wong*, 575 U.S. 402, 412 (2015), the Supreme Court reaffirmed the " 'general rule' that equitable tolling is available in suits against the Government."  Since *Kwai Fun Wong*, multiple district courts in the Ninth Circuit have held § 2023(a)(13)'s thirty-day deadline may be equitably tolled.  *See Quick Korner Mkt. v. U.S. Dep't of Agric., Food & Nutrition Serv.*, 180 F. Supp. 3d 683, 690 (S.D. Cal. 2016) (discussing *Kwai Fun Wong* and concluding "§ 2023(a)(13) is non-jurisdictional and thus subject to equitable tolling"); *Joseph v. United States*, No. 20-CV-02955-JD, 2020 WL 7202796, at *2 (N.D. Cal. Dec. 7, 2020) (same).[1]

However, Plaintiffs fail to show equitable tolling is warranted here.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012).  With regard to the first element, "[t]he standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011).  To fulfill the second element, a litigant must show that extraordinary circumstances made it impossible to file the document on time.  *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).  A "garden variety claim of

---

[1] Some courts had held, prior to *Kwai Fun Wong*, that § 2023(a)(13) was not subject to equitable tolling.  *See, e.g.*, *Omari v. United States*, No. C-12-1592 MEJ, 2012 WL 3939362, at *5 (N.D. Cal. Sept. 10, 2012) (finding § 2023(a)(13) is a jurisdictional limitation on the waiver of the United States' sovereign immunity and thus not subject to equitable tolling).

excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 651–52 (2010) (internal citations and quotation marks omitted).  Courts "do not recognize run-of-the mill mistakes as grounds for equitable tolling because doing so would essentially equitably toll limitations periods for every person whose attorney missed a deadline." *Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) (internal quotation marks omitted).

In response to Defendant's motion to dismiss, Plaintiffs' counsel submits a declaration (Decl. of John F. Lenderman ("Lenderman Decl."), ECF No. 4-1) and a supplemental declaration (Supp. Decl. of John F. Lenderman ("Supp. Decl."), ECF No. 8-1). In his declaration, Plaintiffs' counsel states he attempted to e-file the Complaint on June 29, 2020.  (Lenderman Decl. ¶¶ 7–8.)  He paid the civil filing fee, but failed to submit the Complaint.  (*See* Ex. 1 to Lenderman Decl., ECF No. 4-1.)  On August 4, 2020, he conducted an online search and was unable to find a record of the case. (Lenderman Decl. ¶ 10; Ex. 2 to Lenderman Decl.)  Plaintiffs' counsel contacted the Clerk's Office and PACER system (Lenderman Decl. ¶¶ 11–13; Supp. Decl. ¶¶ 6–8), and eventually filed the Complaint on August 24, 2020.  (ECF No. 1.)

This unsuccessful attempt to e-file and subsequent follow-up is insufficient to trigger equitable tolling.  Plaintiffs have not shown reasonable diligence and they fail to demonstrate extraordinary circumstances prevented their timely filing.  Plaintiffs' counsel has been admitted to this Court for decades and by his own admission is familiar with e-filing documents in court. (Lenderman Decl. ¶ 2.)  He did not check the status of this case until August 4, 2020, over a month after unsuccessfully attempting to file.  (*See* Lenderman Decl. ¶ 10; Ex. 2 to Lenderman Decl.)  There is no indication anything prevented him from confirming sooner that the case had been properly filed.  Plaintiffs' failure to timely file was "a result of ordinary excusable neglect" and thus "equitable tolling is not justified." *Quick Korner Mkt.*, 180 F. Supp. 3d at 693 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (stating

general attorney negligence is not an extraordinary circumstance sufficient to warrant equitable tolling); *Amerson v. Kindredcare, Inc.*, No. C-12-05715 JCS, 2013 WL 632115, at *3 (N.D. Cal. Feb. 20, 2013) (finding equitable tolling inapplicable to attorney's delayed follow-up after unsuccessful attempt to e-file complaint).

Accordingly, Plaintiffs are not entitled to equitable tolling, and their action for judicial review is barred by § 2023(a)(13)'s limitations period. Because the deadline for Plaintiffs to assert their claim has expired and there is no basis for equitable tolling, the Court finds that amendment would be futile.

## III.
## CONCLUSION AND ORDER

For the reasons set out above, Defendant's motion to dismiss is GRANTED. Plaintiffs' action for judicial review under 7 U.S.C. § 2023 is dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: January 4, 2021

Hon. Dana M. Sabraw
United States District Judge